**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In Re Tri-State Water Rights Litigation          Case No. 3:07-md-1-J-PAM-JRK

This Order relates to:

<u>City of Apalachicola, Florida v. United States
Army Corps of Engineers, et al.</u>,
Case No. 3:08-cv-233-J-PAM-JRK

# O R D E R

This matter is before the Court on Apalachicola Bay and River Keeper, Inc.'s Partially-Opposed Motion to Intervene on Terms and Incorporated Memorandum of Law in Support (Doc. No. 32; "Motion"), filed September 30, 2009 in <u>City of Apalachicola, Florida v. United States Army Corps of Engineers, et al.</u>, No. 3:08-cv-233-J-PAM-JRK ("Apalachicola Case"). In the Motion, Apalachicola Bay and River Keeper, Inc. ("Riverkeeper") seeks leave to intervene on terms in the Apalachicola Case. The Motion is opposed by the State of Georgia, the Atlanta Regional Commission, the City of Atlanta, Georgia, Fulton County, DeKalb County, the Cobb County-Marietta Water Authority, the City of Gainesville, Georgia, and the Lake Lanier Association (collectively, the "Georgia Parties"). <u>See</u> Joint Response of the Georgia Parties in Opposition to the Motion to Intervene of the Apalachicola Bay and River Keeper, Inc. (Doc. No. 33; "Response"), filed October 19, 2009 in the Apalachicola Case. "To the extent that [Riverkeeper] does not seek to introduce any additional briefing (that is, to the extent that the parties reach agreement on appropriate page limits for Phase 2, or the

Court imposes such page limits, and [Riverkeeper] is subject to the page limits for the Florida parties), the Federal Defendants take no position on their intervention." Motion at 3. However, the Federal Defendants oppose the Motion if Riverkeeper "intends to introduce additional briefing." Id. For the reasons explained herein, the Motion will be granted.

### I. Background

On January 15, 2008, the City of Apalachicola, Florida commenced this case in the Northern District of Florida. See Complaint (Doc. No. 2) in the Apalachicola Case. In the Complaint, the City of Apalachicola challenges the operations of the Federal Defendants as they relate to the flow of water in the Apalachicola-Chattahoochee-Flint River Basin. See id. On March 18, 2008, the Apalachicola Case was transferred to this Court pursuant to a Transfer Order of the Judicial Panel on Multidistrict Litigation (Doc. No. 1 in the Apalachicola Case).

On July 13, 2007, the Court entered a Scheduling Order (Doc. No. 33 in No. 3:07-md-1-J-PAM-JRK),[1] which provided that this litigation would proceed in two phases. Phase 1 was to address claims that the operations of the Army Corps of Engineers under its Interim Operations at Jim Woodruff Dam and Releases to the Apalachicola in Support of Listed Mussels and Gulf Strugeon ("IOP") are unlawful, and claims that issuance of the IOP was unlawful, among other claims. See Scheduling Order. Phase 2 was to address all remaining claims, including claims challenging the Corp's authority with respect to operations in the Apalachicola-Chattahoochee-Flint River Basin. See id.

---

[1] The Scheduling Order was entered in Case No. 3:07-md-1-J-PAM-JRK prior to the filing of the Complaint in the Apalachicola Case.

On August 27, 2008, the Court entered the Second Amended Joint Scheduling Order (Doc. No. 146), which "flipped" Phase 1 and Phase 2. In addition, the Second Amended Joint Scheduling Order provided that "[a]ll amended or supplemental complaints, motions to intervene, and motions to join additional parties . . . must be filed by August 29, 2008." Order (Doc. No. 146)

In a Memorandum and Order entered July 17, 2009 (Doc. No. 264), the Court disposed of the Phase 1 claims. On July 22, 2009, the Court entered the Fifth Amended Scheduling Order (Doc. No. 266), reiterating that the claims to be resolved in Phase 2 included those challenging the issuance of, and lawfulness of the operations of the Army Corps of Engineers under, the IOP. On September 30, 2009, the instant Motion was filed. On November 2, 2009, the Court entered an Order (Doc. No. 297 in No. 3:07-md-1-J-PAM-JRK) altering the page limits for summary judgment motions in Phase 2 and setting December 9, 2009 as the deadline for parties other than the Federal Defendants to file memoranda in support of their summary judgment motions.

## II. Discussion

Riverkeeper seeks to intervene in this matter to protect its interests as they relate to those operations of the Army Corps of Engineers that affect water flow in the Apalachicola-Chattahoochee-Flint River Basin. Motion at 2. In the Motion, Riverkeeper states that it has more than 800 members, 190 of whom live within the watershed of Apalachicola Bay and River. Id. at 3-4. "Apalachicola Riverkeeper provides stewardship and advocacy for the protection of the Apalachicola River, Bay, tributaries and watersheds in order to improve and

maintain its environmental integrity, and to preserve the natural, scenic, recreational, and commercial fishing character of these waterways." Id. at 4.

Riverkeeper seeks to intervene of right under Rule 24(a), Federal Rules of Civil Procedure ("Rule(s)"), and permissively under Rule 24(b). See Motion at 5-17. Riverkeeper agrees to the following terms in seeking to intervene in this matter: (1) "Riverkeeper acknowledges and stipulates to the completeness and adequacy of the Administrative Record"; (2) "Riverkeeper recognizes the timeline for disposition of Phase II issues set forth by the Court in the Fifth Amended Scheduling Order (Doc. [No.] 266), and further stipulates that if granted leave to intervene, Riverkeeper will comply with and not seek any deviation from the conditions set forth therein";[2] (3) While maintaining that its interests are materially different and not adequately represented by the current parties, Riverkeeper would incorporate by reference the City of Apalachicola's Amended Complaint (Doc. No. 14) in the Apalachicola Case, except those allegations related to Riverkeeper's standing and Phase I issues. In addition, "Riverkeeper stipulates and acknowledges that defenses, denials, and uncontested admissions previously raised by the existing parties in Answers to the City's Amended Complaint apply with equal effect to Riverkeeper's incorporated allegations, subject to the stipulation that parties may answer Riverkeeper's allegations differently if they deem appropriate"; (4) Riverkeeper agrees to abide by any briefing restrictions that the Court

---

[2] The Court construes this condition as encompassing the deadlines set in the Court's November 2, 2009 Order (Doc. No. 297) granting the Joint Motion to Alter Page Limits, and Riverkeeper will be expected to comply with the deadlines set therein.

imposes; and (5) Riverkeeper will not seek to introduce additional expert testimony and instead will rely on the testimony of the experts of other parties. Motion at 8-9.

### A. Intervention of Right

Rule 24(a), provides in pertinent part as follows:

> On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a). To intervene of right under Rule 24(a), a party must show that (1) the application to intervene is timely; (2) the applicant has an interest relating to the property or transaction which is the subject of the action; (3) the applicant is so situated that disposition of the action, as a practical matter, may impede or impair the applicant's ability to protect that interest; and (4) the applicant's interest is not adequately represented by the existing parties to the suit. Chiles v. Thornburgh, 865 F.2d 1197, 1213 (11th Cir. 1989). Each of these elements is addressed in turn.

#### 1. Timeliness

There is no question the instant Motion was filed after the August 29, 2008 deadline to file motions for intervention that was set in the Second Amended Joint Scheduling Order (Doc. No. 146). However, in the context of intervention, "[t]imeliness is not a word of exactitude or of precisely measurable dimensions." Georgia v. U.S. Army Corps of Eng'rs, 302 F.3d 1242, 1259 (11th Cir. 2002). "The requirement of timeliness must have accommodating flexibility toward both the court and the litigants if it is to be successfully employed to regulate intervention in the interests of justice." Id.; see also Stallworth v.

Monsanto Co., 558 F.2d 257, 266 (5th Cir. 1977) (eschewing consideration of "absolute measures of time," such as how far the litigation has progressed).[3]  Four factors must be considered when determining the timeliness of a motion to intervene:

> (1) the period of time during which the putative intervenor knew or reasonably should have known of his interest in the case before he petitioned for leave to intervene; (2) the degree of prejudice to the existing parties as a result of the would-be intervenor's failure to move to intervene as soon as he knew or reasonably should have known of this interest; (3) the extent of prejudice to the would-be intervenor if his position is denied; and (4) the presence of unusual circumstances militating either for or against a determination that the application is timely.

Walker v. Jim Dandy Co., 747 F.2d 1360, 1365 (11th Cir. 1984).

With respect to the first factor, Riverkeeper knew of its interest in this litigation early on, perhaps even before this case was commenced. See Response at Ex. A.  However, Riverkeeper argues that it "had no way of knowing the disposition of the Phase [1] issues, specifically whether and to what extent Phase [2] environmental issues would remain for this Court's consideration." Motion at 10.  Riverkeeper explains that it is a small, public-interest organization with limited resources and therefore must expend those resources only where its interests are impacted the most, such as Phase 2 of the litigation here. Id.  In light of the bifurcation of the proceedings and the reasons for Riverkeeper's delay in seeking intervention earlier, the first factor weighs only slightly against intervention.

With respect to the second factor, Riverkeeper's failure to intervene as soon as it was aware of its interest in this litigation does not prejudice the existing parties to a significant

---

[3] In Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the United States Court of Appeals for the Eleventh Circuit adopted as binding precedent all decisions of the former United States Court of Appeals for the Fifth Circuit that were rendered prior to the close of business on September 30, 1981.

degree, if at all. The briefing for Phase 2 is ongoing, and all of the existing parties will have the opportunity to respond to Riverkeeper. Although some additional briefing will necessarily result from allowing intervention, it likely will not be extensive. Moreover, if Riverkeeper had obtained leave to intervene at the beginning of the case, there would have been more briefing required for Phase 1. This factor is neutral.

With respect to the third factor, Riverkeeper would be substantially prejudiced if the Motion were denied. There is no doubt that Riverkeeper's interests will be directly impacted by the results of this case. This may be Riverkeeper's only opportunity to be heard on the very issues for which the entity exists to advocate. This factor weighs heavily in favor of intervention.

With respect to the fourth factor, this is a unique case involving complex issues affecting a multitude of parties. This case is proceeding under the mutlidistrict litigation statute, 28 U.S.C. § 1407, which allows civil actions in different districts that involve one or more common questions of fact to be transferred to one district for coordinated or consolidated pretrial proceedings. As such, these proceedings are designed to accommodate a large number of parties with various interests. In such circumstances, Riverkeeper's intervention is appropriate. In addition, the Court bifurcated the proceedings to facilitate consideration and resolution of the different issues. See Scheduling Order; Second Amended Joint Scheduling Order; Fifth Amended Scheduling Order. Allowing Riverkeeper to intervene at this stage of the litigation, at which the environmental issues are at the fore, is eminently sensible. This factor weighs heavily in favor of intervention.

Considering the four timeliness factors identified by the Walker Court, the undersigned finds that the Motion is timely for purposes of Rule 24.  See Walker, 747 F.2d at 1365.  The fact that the Motion was filed after the deadline set in the Second Amended Joint Scheduling Order is not controlling in light of the factors for determining timeliness identified in Walker.  See also Georgia v. U.S. Army Corps of Eng'rs, 302 F.3d at 1259; cf. Leary v. United States, 224 U.S. 567 (1912) (reversing a decision to deny leave to intervene in a case in which "[t]he evidence had been taken[, the case] was ready for final hearing," and the request for leave to intervene was filed over four years after the case had been commenced).  Based on the terms to which Riverkeeper has agreed as a condition for intervening, see Motion at 8-9, allowing intervention will not be disruptive or prejudicial to the other parties, and it will allow Riverkeeper to be heard on matters that go to the heart of its interests in a proceeding designed to accommodate a large number of parties with various interests.

### 2. Riverkeeper's Interests

The second element for intervening by right is that the applicant has an interest relating to the property or transaction which is the subject of the action. Chiles, 865 F.2d at 1213.  Riverkeeper asserts that it has unique interests in the Apalachicola Bay and River, and that these interests are affected by the water-control operations of the Army Corps of Engineers. According to Riverkeeper, "[t]he members if Apalachicola Riverkeeper use the waters and watershed of the Apalachicola Bay and River for wading, swimming, canoeing, kayaking, sailing, sport boating, birding and other wildlife observation, photography, personal and professional research, sport and commercial fishing, and collecting aquatic life for personal and commercial consumption." Motion at 4.  The Georgia Parties do not argue that

Riverkeeper lacks a sufficient interest to intervene in this litigation. See Response at 1-3. The undersigned finds that Riverkeeper has an interest in this litigation.

### 3. Riverkeeper's Ability to Protect Its Interests

The third element is that the applicant is so situated that disposition of the action, as a practical matter, may impede or impair the applicant's ability to protect its interest. Chiles, 865 F.2d at 1213. Riverkeeper, a private, not-for-profit environmental advocacy group, seeks to maintain and improve the environmental integrity of the Apalachicola Bay, River, and its tributaries. Motion at 12. "Riverkeeper investigates threats to environmental quality in the Apalachicola Bay and River and works with its over 800 members and others throughout the Apalachicola river watershed to help them learn ways to use, enjoy, and participate in its protection." Id. It is clear that the disposition of this case, as a practical matter, may impede or impair the ability of Riverkeeper to protect these interests, and the Georgia Parties have not seriously argued otherwise. See generally Response.

### 4. Adequate Representation of Riverkeeper's Interests

The fourth element is that the applicant's interests are not adequately represented by the existing parties to the suit. Chiles, 865 F.2d at 1213. "[T]he proposed intervenor has a minimal burden of showing that the existing parties cannot adequately represent its interests." Georgia v. U.S. Army Corps of Eng'rs, 302 F.3d at 1259 (citation omitted) (emphasis added). The entity seeking intervention need show only that "representation of his interest 'may be' inadequate; and the burden of making that showing should be treated as minimal." Trbovich v. United Mine Workers of Am., 404 U.S. 528, 538 n.10 (1972). "If the applicant's interest is similar to but not identical with that of one of the parties, he

ordinarily should be allowed to intervene unless it is clear that the party will provide adequate representation for the absentee litigant." CSX Transp., Inc. v. Ga. Pub. Serv. Comm'n, 944 F.Supp. 1573, 1578 (N.D. Ga. 1996) (citing 7C Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, Federal Practice and Procedure § 1909 at 319).

The Georgia Parties argue that "Riverkeeper's actions to date confirm that its interests are adequately represented by existing parties, including the City of Apalachicola and the State of Florida." Response at 3. According to the Georgia Parties, "the alignment of interests is so complete that the Riverkeeper was able simply to adopt the City of Apalachicola's Complaint." Id. Riverkeeper contends that the City of Apalachicola does not adequately represent Riverkeeper's interests. Motion at 13. Riverkeeper emphasizes that it represents "the unique and specialized interests of its members who seek stewardship and advocacy for the protection of Apalachicola River, Bay, tributaries and watersheds in order to improve and maintain its environmental integrity, and to preserve the natural, scenic, recreational, and commercial fishing character of these waterways." Id. at 13. Riverkeeper points out that governmental entities, such as the City of Apalachicola, seek to protect interests such as tax revenue, property values, water availability, and permitted water uses; therefore, the City of Apalachicola may not necessarily adequately represent Riverkeeper's interests. Id. at 14.

Considering the "minimal" burden that is on the party seeking to intervene to show that representation of its interests "may be" inadequate, see Trbovich, 404 U.S. at 538 n.10, Riverkeeper has carried its burden here. Riverkeeper's interests may overlap with those of the City of Apalachicola, but their interests may also diverge substantially. Economic

interests may factor into the litigation strategy of the City of Apalachicola in a way that would be inconsistent with the interests of Riverkeeper. Riverkeeper has made the minimal showing necessary to demonstrate that its interests are not adequately protected by the other parties.

For these reasons, the undersigned finds that Riverkeeper's Motion was timely for purposes of Rule 24, Riverkeeper has an interest in the subject of this action, disposition of this action may impair or impede Riverkeeper's ability to protect that interest, and Riverkeeper's interest is not adequately represented by the other parties. See Chiles, 865 F.2d at 1213. Therefore, the undersigned concludes that Riverkeeper has demonstrated that it may intervene as a matter of right.

### B. Permissive Intervention

Even if Riverkeeper does not have the right to intervene, the undersigned finds that permissive intervention is appropriate under Rule 24(b). Rule 24(b) provides as follows:

> On timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact. . . . In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

Fed. R. Civ. P. 24(b).

For the reasons stated supra pp. 5-8, the undersigned finds that the Motion is timely. In addition, it is clear that Riverkeeper has a claim that shares common questions of fact with the other actions in this multi-district litigation case. Furthermore, in light of the terms to which Riverkeeper has agreed as a condition to intervening, see supra pp. 3-5, permitting intervention will not unduly delay these proceedings or prejudice the adjudication of the

original parties' rights.  Permitting intervention here provides Riverkeeper, which represents unique interests, the opportunity to be heard in the most appropriate forum.  For these reasons, the undersigned finds permissive intervention to be appropriate.  Cf. Georgia v. U.S. Army Corps of Eng'rs, 302 F.3d at 1260; Walker, 747 F.2d at 1365.

### III.  Conclusion

The undersigned finds that Riverkeeper's Motion was timely for purposes of Rule 24.  In addition, Riverkeeper has an interest in this litigation; the disposition of the litigation may, as a practical matter, impede or impair Riverkeeper's ability to protect that interest; and Riverkeeper's interest is not adequately represented by the existing parties.  Therefore, Riverkeeper has a right to intervene in this litigation.  Furthermore, Riverkeeper's claim shares common questions of fact with this case, and based on the terms to which Riverkeeper has agreed, Riverkeeper's intervention will not unduly delay these proceedings or prejudice the adjudication of the original parties' rights.  Therefore, permissive intervention is appropriate.

Accordingly, it is

**ORDERED**:

1. Apalachicola Bay and River Keeper, Inc.'s Partially-Opposed Motion to Intervene on Terms and Incorporated Memorandum of Law in Support (Doc. No. 32 in No. 3:08-cv-233-J-PAM-JRK) is **GRANTED**, and it may intervene in this action.

2. Apalachicola Bay and River Keeper, Inc. shall abide by the following terms:

   A. Riverkeeper shall not challenge the completeness and adequacy of the Administrative Record;

   B. Riverkeeper shall comply with and not seek any deviation from the Fifth Amended Scheduling Order (Doc No. 266).  In addition, Riverkeeper shall comply with and not seek any deviation from the deadlines set in the Court's November 2, 2009 Order (Doc. No. 297).

   C. The defenses, denials, and uncontested admissions previously raised by the parties to the City of Apalachicola's Amended Complaint apply with equal effect to the allegations in the Complaint in Intervention of Intervenor-Plaintiff Apalachicola Bay and River Keeper, Inc., except that any party, if it so desires, may answer Riverkeeper's allegations differently.

   D. Riverkeeper shall comply with the briefing page limits set in the Court's November 2, 2009 Order (Doc. No. 297).

   E. Riverkeeper shall not seek to introduce expert testimony.  Riverkeeper may, however, rely upon the expert testimony presented by other parties.

3.	The Clerk is directed to file the Complaint in Intervention of Intervenor-Plaintiff Apalachicola Bay and River Keeper, Inc., which is attached to the Motion, in Case No. 3:08-cv-233-J-PAM-JRK.

**DONE AND ORDERED** at Jacksonville, Florida on November 23, 2009.

*/s/ James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

jdf

Copies to:

Counsel of Record