UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| IN RE TRI-STATE WATER RIGHTS LITIGATION _____/ | Civil Action File No. 3:07-MD-1-PAM-JRK |
| CITY OF APALACHICOLA, FLORIDA,   Plaintiff v. UNITED STATES ARMY CORPS OF ENGINEERS, *et al.*,   Defendants LAKE LANIER ASSOCIATION, *et al.*,   Intervenor-Defendants _____/ | Case No. 3:08-cv-00233-PAM-JRK |

**COMPLAINT IN INTERVENTION OF INTERVENOR-PLAINTIFF
<u>APALACHICOLA BAY AND RIVER KEEPER, INC.</u>**

COMES NOW Intervenor-Plaintiff, Apalachicola Bay and River Keeper, Inc., d/b/a Apalachicola Riverkeeper ("Riverkeeper"), to make and file this Complaint in Intervention, pursuant to Rule 24 of the Federal Rules of Civil Procedure, in the action titled <u>City of Apalachicola, Florida v. United States Army Corps of Engineers, et al.</u>, No. 3:08-cv-233-PAM-JRK, as follows:

## I. JURISDICTION AND VENUE

1.  This Court has jurisdiction in this action pursuant to 5 U.S.C. § 701 *et seq.*; 28 U.S.C. §§ 1331, 1346 and 1361; 28 U.S.C. §§ 2201 and 2202.

2.  Venue is vested in the United States Northern District of Florida under 28 U.S.C. 1391(e) because a substantial part of the events, acts or omissions giving rise to the claims herein occurred in this district; the Woodruff Dam operated and regulated by the Defendant Corps is located partially in Florida in this district as is Apalachicola Bay and the entire run of the Apalachicola River.  The Defendant Corps has offices located in this District.  Venue in this Court, located in the United States Middle District of Florida, Jacksonville Division, is supported by virtue of consolidation of numerous related cases by Order of the Judicial Panel on Multidistrict Litigation, dated March 21, 2007.

## II. NATURE OF ACTION

3.  This is an action for declaratory and injunctive relief brought, in part, under the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq.*, and 28 U.S.C. § 1361 with respect to final agency actions of the Defendants in their official capacities as officers or officials of the Untied States Army or the Corps, who are responsible for operations of dams, reservoirs and related facilities in the Apalachicola-Chattahoochee-Flint ("ACF") Rivers, together with their respective tributaries and hydrologically connected underground water ("ACF System").  Apalachicola Riverkeeper alleges violations law governing the Corps' actions in operating the ACF System including various published and unpublished Corps regulations governing the Corps' operations in the ACF System and the National Environmental Policy Act ("NEPA"), 42 U.S.C. §4321, *et seq.*;

## III.  ALLEGATIONS

4. Defendant Corps is a branch of the United States Army, and is responsible for operating and maintaining all federally owned and operated dams and reservoirs in the ACF System.

5. Defendant John McHugh, the Secretary of the Army, has overall responsibility for the Corps.  He may be served at the Department of the Army, 101 Army Pentagon, Washington, D.C. 20110-0101.

6. Defendant Jo Ellen Darcy, is the Assistant Secretary of the Army (Civil Works), and is directly responsible for the activities of the Corps, including those in the ACF System. She may be served at the Department of the Army, 108 Army Pentagon, Washington, D.C. 20310-0108.

7. Defendant, Lieutenant General Robert L. Van Antwerp is the Chief of Engineers and Commander of the Corps who oversees and directs the activities of the Corps, including those in the ACF System.  He may be served at the United States Army Corps of Engineers, 441 G Street, N.W. Washington, D.C. 20314-1000.

8. Defendant Brigadier General Todd T. Semonite is the Corps' South Atlantic Division Commander, who oversees and directs the activities of the Corps in the South Atlantic Division, which includes the ACF System. He may be served at U.S. Army Corps of Engineers, SAD, 60 Forsyth Street, SW, Room 9M15, Atlanta, Georgia 30303-8801.

9. Defendant Colonel Byron G. Jorns is the Commander and District Engineer for the Corps' Mobile Engineer District, and oversees and directs the activities

of the Corps in the Mobile Engineer District, including those in the ACF System. He may be served at U.S. Army Corps of Engineers, 190 Saint Joseph Street, Mobile, Alabama 36602-3630.

10. Apalachicola Riverkeeper is a Florida non-profit corporation with its principal place of business at 232-B Water Street, Apalachicola, Florida 32320 and mailing address of PO Box 8, Apalachicola, Florida 32329. It is a membership-based corporation with more than 800 members, of whom more than 500 reside in the State of Florida with more than 190 residing within the watershed of the Apalachicola Bay and River. Apalachicola Riverkeeper provides stewardship and advocacy for the protection of the Apalachicola River and Bay, its tributaries and watersheds, in order to improve and maintain its environmental integrity, and to preserve the natural scenic, recreational and commercial fishing character of these waterways. The Apalachicola Riverkeeper investigates threats to environmental quality in the Apalachicola Bay, River, and floodplain, and works with its members and others throughout the Apalachicola River watershed to help them learn ways to use and enjoy the ecosystem, and participate in its protection.

11. The members of Apalachicola Riverkeeper use the waters and watershed of the Apalachicola Bay and River for wading, swimming, canoeing, kayaking, sailing, sport boating, birding and other wildlife observation, photography, personal and professional research, sport and commercial fishing, and collecting aquatic life for personal and commercial consumption. Numerous members of the Apalachicola Riverkeeper are suffering injury in fact because of Defendant Corps' management of flows to the Apalachicola Bay and River that currently interferes with their fishing,

recreational, consumptive, and aesthetic activities.

12. An injunction modifying the Defendant Corps' management of flows to the Apalachicola River will redress the injury being suffered by these members of the Apalachicola Riverkeeper.

13. Apalachicola Riverkeeper files this action on its own behalf and on behalf of its members in an effort to protect their economic, recreational, aesthetic, consumptive, scientific, and conservation interests in the waters of the Apalachicola Bay, River, and floodplain.

14. The above-described interests of the Apalachicola Riverkeeper and its members have been, are being, and – unless the relief prayed for herein is granted – will continue to be adversely affected and irreparably injured by the Defendant Corps' current management of flows to the Apalachicola River.

15. Apalachicola Riverkeeper hereby adopts by reference and incorporates as if fully set forth herein all of the allegations and claims raised in THE CITY OF APALACHICOLA, FLORIDA'S AMENDED COMPLAINT (Doc. 15), as follows:

Paragraphs 11-45; 74-88; 107-108; 142-156; 173-176; 183-185; and 191-194.

## **RELIEF REQUESTED**

Based on the foregoing paragraphs 1 through 15, which are incorporated herein by reference, Apalachicola Bay and River Keeper, Inc. requests the following relief:

A. That this Court declare unlawful and set aside:

(i) Defendants' November 2007 issuance and implementation of the drought contingency modification to the Modified IOP termed the "Exceptional Drought

Operations" (EDO) which included lowering the minimum required flow to 4,250 CFS under certain conditions and any EA/FONSI associated therewith;

(ii)     Defendants' March 2007 EA/FONSI for the Modified IOP;

(iii)    Defendants" October 2006 EA/FONSI for the original IOP;

(iv)    Defendants' "action zones";

(v)     Defendants' failure to formally consult, pursuant to Section 7 of the ESA, on the activities and operations identified herein; and

(vi)    The Corps' ongoing, discretionary reservoir operations that are unlawfully jeopardizing the continued existence of the Gulf sturgeon, purple bankclimber mussel, fat three ridge mussel, Chipola slabshell mussel, and the Apalachicola Bay, River, and floodplain ecosystem and estuary including its oysters, shrimp, crabs, crayfish and other marine and aquatic life, unlawfully taking members of some of those species, and adversely affecting, modifying or destroying habitat designated as critical for some of those species.

B.      That this court permanently enjoin the Defendants:

(i)     From reallocating storage in or authorizing withdrawals and releases from Lake Lanier for municipal and industrial purposes without further Congressional authorization and/or legislation, and to comply fully with NEPA prior to proceeding with the IOP and modifications to the IOP;

(ii)    From reallocating storage in Corps facilities in the ACF system for recreational purposes without further Congressional authorization, and from retaining in storage for the benefit of recreation water that is stored for authorized purposes;

(iii)   To comply fully with NEPA prior to proceeding with any proposed action relating to the ACF System falling within the scope of that law and that such NEPA process specifically assess impacts to the downstream interests along, on, and/or in the Apalachicola Bay, River, and floodplain, using the best available science;

(iv)   To initiate formal consultation with the Service and/or NOAA Fisheries pursuant to Section 7 of the ESA on the activities identified herein and to refrain from making any irreversible or irretrievable commitment of resources pending completion of such consultation;

(v)   To use the best science available to determine the instream flows necessary to sustain the Apalachicola Bay, River, and floodplain ecosystem;

(vi)   To release adequate flows into the ACF System to ensure that Gulf sturgeon, purple bankclimber mussel, fat three ridge mussel, Chipola slabshell mussel, and the Apalachicola Bay, River, and floodplain ecosystem and estuary including its oysters, shrimp, crabs, crayfish and other marine and aquatic life will not be jeopardized or taken and that designated critical habitat will not be adversely modified or destroyed;

C.   That this Court grant the Apalachicola Bay and River Keeper, Inc. its attorneys' fees, expert witness fees and costs as allowed by law; and

D.   That this Court grant such other relief as it deems appropriate.

Respectfully submitted this 30th day of September, 2009.

*s/ Michael L. Howle*
Michael L. Howle
**Lead Counsel**
Florida Bar No. 18137
Lauren E. Howle
Florida Bar No. 17598
Howle Law Firm, P.A.
1506 King Street
Jacksonville, Florida 32204
904-860-9611 (phone)
888-795-5517 (facsimile)
mlhowle@gmail.com

Andrew J. Smith
Florida Bar No. 0001650
Apalachicola Bay and River Keeper, Inc.
P.O. Box 8
Apalachicola, Florida 32329
850-653-5183 (phone)

**ATTORNEYS FOR APALACHICOLA BAY AND RIVER KEEPER, INC.**

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing COMPLAINT IN INTERVENTION OF INTERVENOR-PLAINTIFF APALACHICOLA BAY AND RIVER KEEPER, INC. was filed with the Clerk of the Court using the CM/ECF system, and was served upon counsel of record for all parties to this proceeding by electronic notification through the CM/ECF system.

This 30th day of September, 2009.

*s/ Michael L. Howle*
Michael L. Howle
**Lead Counsel**
Florida Bar No. 18137
Howle Law Firm, P.A.
1506 King Street
Jacksonville, Florida 32204
904-860-9611 (phone)
888-795-5517 (facsimile)
mlhowle@gmail.com

**Attorney for Apalachicola Bay and River Keeper, Inc.**